**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**At Charleston**

**WEST VIRGINIA HOSPITALITY AND**
**TRAVEL ASSOCIATION, INC., a West**
**Virginia Not-for-Profit Corporation, on behalf**
**of all of its adversely affected Members, and as**
**Assignee of Certain of Its Adversely Affected**
**Members,**

**Plaintiff,**

**v.**                                               **Case No. 2:16-cv-00184**

**AMERICAN WATER WORKS COMPANY,**
**INC., a Delaware corporation; AMERICAN**
**WATER WORKS SERVICE COMPANY,**
**INC., A New Jersey Corporation; WEST**
**VIRGINIA AMERICAN WATER**
**COMPANY, a West Virginia Corporation;**
**EASTMAN CHEMICAL COMPANY, a**
**Delaware Corporation; GARY SOUTHERN,**
**an individual; and DENNIS P. FARRELL, an**
**individual,**

**Defendants.**

## REPORT OF PARTIES' PLANNING MEETING

1.      Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held on January 4, 2018 and additional communications among the parties occurred as part of the planning process.  Those participating were:

Thomas J. Hurney, Jr. (WVBN 1833)
Jackson Kelly PLLC
500 Lee Street, East; Suite 1600 (25301)
Post Office Box 553
Charleston, West Virginia 25322
Telephone: (304) 340-1000
Facsimile: (304) 340-1080
thurney@jacksonkelly.com
                and

Kent Mayo (admitted pro hac vice)
Baker Botts, LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone: (202) 639-1122
Facsimile: (202) 585-1007
kent.mayo@bakerbotts.com

 *Representing Defendants West Virginia-American Water Company, American Water Works Service Company, Inc. and American Water Works Company, Inc. ("American Water Defendants")*

Michael O. Callaghan (WVBN 5509)
Neely & Callaghan Neely & Callaghan
Attorneys at Law
159 Summers Street
Charleston, West Virginia 25301
Telephone: (304) 343-6500
Facsimile: (304) 343-6528
mcallaghan@neelycallaghan.com
  *Representing Plaintiff*

Michael W. Carey
Carey, Scott, Douglas & Kessler, PLLC
901 Chase Tower
707 Virginia Street, East
P. O. Box 913
Charleston, West Virginia 25323
Telephone: (304) 345-1234
Facsimile: (304) 342-1105
mwcarey@csdlawfirm.com
  *Representing Defendant Dennis P. Farrell*

Robert L. Massie (WVBN 5743)
Nelson Mullins Riley & Scarborough LLP
P. O. Box 1856
Huntington, West Virginia 25719-1856
949 Third Avenue, Suite 200 (25701)
Telephone: (304) 526-3502
Facsimile:  (304) 526-3542
bob.massie@nelsonmullins.com
  *Representing Defendant Eastman
Chemical Company*

Pamela C. Deem (WVBN 976)
Kay Casto & Chaney PLLC
P. O. Box 2031
Charleston, West Virginia 25327
Telephone: (304) 345-8900
Facsimile: (304) 345-8909
pdeem@kaycasto.com
  *Representing Defendant Gary Southern*

The parties[1] have agreed to, and hereby propose to the Court, a schedule providing for the exchange of information and discovery related to issues as stated in the allegations in the Plaintiff's proposed Amended Complaint.   Given that the American Water and Eastman Chemical Company Defendants assert that significant discovery has been conducted in separate litigation before this Court that was never consolidated or coordinated with this civil action, which separate case arose out of the January 2014 chemical spill, *see Crystal Good, et al. v. American Water Works Company, Inc.*, *et al.* (Case No. 2:14-cv-01374 S.D.W. Va.), the parties agree that the following plan, which anticipates the exchange of  information previously disclosed in the separate *Good* Federal Class Action matters as the first phase of discovery, is efficient, promotes judicial economy, and prevents unnecessary costs to the parties.


2.      **Pre-Discovery Initial Disclosures.**  The parties submitted disclosures pursuant to Rule 26(a)(1) in April of 2016.  Plaintiff agrees to produce by March 7, 2018 a completed, basic Fact

---

[1]       During the conference, Plaintiff and Defendant Dennis Farrell informed the Court that they had reached a final settlement of this matter.  Therefore, the reference to "parties" in the subsequent paragraphs in this Report does not include Mr. Farrell.

Sheet for (a) the West Virginia Hospitality and Travel Association ("Association"), and (b) each business that the Association alleges has assigned claims to the Association.  Plaintiff will complete an Information Technology ("IT") Questionnaire and serve it with the Fact Sheet disclosures.  Defendants will provide Plaintiff with a Fact Sheet form and IT Questionnaire form by February 15, 2018.

3.      **Joinder and Amendments.**  Plaintiff filed a motion seeking leave to file an Amended Complaint on January 19, 2017 (Docs. 87 and 87-1).  The parties agree that the Court should grant Plaintiff's motion and allow the Amended Complaint to be entered on the docket.  The deadline for joining parties and amending pleadings shall otherwise be deemed to have passed and any party seeking further amendments may do so only by motion and leave of court.

3.5.     **Motions to Dismiss/Answers.**  With the exception of Eastman Chemical Company, each Defendant shall have 28 days from entry of the Amended Complaint on the docket to submit a responsive pleading.

    a.  Eastman previously filed an Answer to Plaintiff's Complaint (Doc. 23) and also filed a Motion to Dismiss in response to the Plaintiff's original Complaint (Doc. 25). The Plaintiff has requested permission of the Court to file an Amended Complaint. Should this request be granted the parties agree that Eastman need not file an Answer to the Amended Complaint or otherwise respond, and the Court shall treat the previous filings by Eastman as responsive to the Amended Complaint.

    b.  Other Defendants who did not file motions to dismiss the original Complaint may file a new responsive pleading by the deadline.

4.      **Discovery Plan.**  The parties jointly propose to the court the following discovery plan:
    a.      Discovery will be needed on the following subjects:
- Standing and Assignments;
- Liability and causation issues, including comparative fault;
- Damages alleged by Plaintiff

- Any other matter falling fairly within the subject matter raised in the pleadings.

b.    The parties have reviewed Local Rule 26.5 and have discussed how the preservation, discovery, and disclosure of electronically stored information ("ESI") should be handled.

i.    It is likely that one or more parties will seek discovery of ESI such as emails, files or documents stored on a computer, or other electronic documents.  The parties have agreed to, and the Court has entered. an *Agreed Order Regarding Form of Production* (Doc. 43) regarding the collection and production of electronically stored information ("ESI") and hard copy documents (collectively "Data"), which are to be produced electronically.

ii.   The parties believe it is possible that metadata may be relevant in this case.  Metadata is addressed in the *Agreed Order Regarding Form of Production* (Doc. 43).

iii.  The parties have agreed on what ESI is "reasonably accessible" as defined in Rule 26(b)(2)(B).

iv.   The parties' agreements regarding any search protocol for review of electronic data are addressed in the *Agreed Order Regarding Form of Production* (Doc. 43).  Further,

a) Each party will identify internally, based on a good faith investigation, key custodians of ESI, who will be identified as called for in response to specific document requests as persons likely to have discoverable information, even if they have not been identified in initial disclosures as persons with information the party may use to support its claims or defenses.

b) The parties agree that date range limitations on document production will be negotiated on a per-request basis.

v.    There are currently no unresolved issues pertaining to the preservation of ESI.  The parties are and have been preserving documents and information consistent with all applicable legal requirements.

    a) Hard copy documents:  The parties are preserving potentially relevant paper documents.

    b) Electronically stored information:  The parties are preserving potentially-relevant active data but are not preserving inactive, transient, or backup data kept for disaster recovery purposes, except where the party knows or reasonably should know that such inactive, transient, or backup data is a sole source of relevant information.

  vi.  The parties have identified no outstanding issues or disputes concerning ESI.

c.  <u>Protective Order.</u>  The parties jointly acknowledge that data produced in this case may reflect confidential business information and personal identifying information deserving of protection under this Court's form *Protective Order*. Upon a joint motion of the parties, the Court entered the Southern District of West Virginia's form Protective Order in April 2016 (Doc. 44).  The parties now ask that a slightly modified version of the Court's current form Protective Order (Exhibit A) be entered, consistent with the form approved by this Court in the *Good* case.  Further, the American Water Defendants will seek to obtain Plaintiff's agreement regarding a method of protecting critical utility infrastructure information, vulnerability assessments, and related information, which is extremely sensitive and should not be made public for reasons of national and state security and public policy.  Any issues arising with respect to such sensitive documents will be addressed through motion practice, if necessary.

d.  <u>Rule 502(d) Order.</u>  The parties previously agreed to, and the Court entered, a *Rule 502(d) Order* regarding claims of privilege or of protection as trial-preparation material asserted after production (Doc. 42).

e.  The parties do not believe that they need an Order Setting Deposition Protocol.

f.  The last day to serve discovery requests is October 25, 2018.  The last day on which to take a discovery deposition is 45 days after the last date to serve discovery requests.  The last date on which to take a discovery deposition is known as the "discovery completion date."

g.     Limits.  The parties agree to the limit for interrogatories set forth in FRCP 33. The parties propose that the presumptive limit on the number of depositions (ten) be lifted such that the parties may cooperate to limit the number of depositions as appropriate for the needs of the case, involving the Court only if necessary and that the potential duration of expert witness depositions (one per report or revised report) be increased from seven hours to ten.  The parties propose that the number of requests for admission be limited to thirty-five (35) per party-being-served, unless used solely for authentication of documents.   For purposes of this paragraph, West Virginia-American Water Company, American Water Works Service Company, Inc. and American Water Works Company, Inc. will be considered a single party.

h.     Complex Case Designation.   Defendants assert this action is suitable for designation as a complex case requiring special case management procedures because:

> ◦ the case involves multiple counts filed against separate defendants on behalf of the plaintiffs and an indeterminate number of businesses and individuals regarding a chemical spill occurring on the Elk River in Charleston, West Virginia on January 9, 2014; and
> ◦ the case will require considerable time and effort for discovery because of the large geographical area involved, the complexity of the public water distribution system, the number and types of defendants, the number of parties the plaintiffs assert are represented either as an association or by assignment, and the complexity of proof related to business and economic losses alleged by plaintiffs.

Plaintiff objects to the designation of this case as a complex case.

Pursuant to Local Rules 16.1 and 16.2, the parties jointly request quarterly case management conferences with the Court beginning in May 2018.

i.     Expert Reports.  Reports from retained experts under Rule 26(a)(2) are due:
◦ Plaintiff's Opening Reports:  August 16, 2018
◦ Defendants' Responsive Reports and Opening Reports on Affirmative Defenses: September 14, 2018

6

◦ Plaintiff's Rebuttal Reports and Responsive Reports on Affirmative Defenses: October 5, 2018

◦ Defendants' Rebuttal Reports on Affirmative Defenses:  October 19, 2018.

j.    <u>Discovery to Defendants.</u>  The American Water and Eastman Chemical Company Defendants assert that West Virginia-American Water Company, American Water Works Service Company, Inc. and American Water Works Company, Inc. ("American Water Defendants") and Eastman Chemical Company were the subject of extensive discovery regarding the January 2014 Freedom chemical spill and the actions of Defendants relating to that spill in the *Crystal Good* litigation before this Court.  The parties agree that the use of that discovery in this action, subject to the terms negotiated by the parties, is an appropriate initial step for advancing discovery here and conserving the resources of the parties and the Court.

k.    <u>Initial Production</u>.  Subject to the agreements set forth in paragraphs l(a) and (b), after a Protective Order as discussed above is entered, and subject to all limitations on use and distribution set forth therein,

1.  Each Defendant will produce to Plaintiff, via extranet or other method negotiated by the parties, by April 2, 2018 all written discovery they answered or responded to in *Crystal Good et al. v. American Water Works Company, Inc. et al.*, Case No. 2:14-cv-10374 (S.D.W. Va.).

2.  Each Defendant will produce to Plaintiff, via extranet or other method negotiated by the parties, by April 16, 2018 a list/summary of all documents produced in response to discovery requests in *Crystal Good et al. v. American Water Works Company, Inc. et al.*, Case No. 2:14-cv-10374 (S.D.W. Va.).

3.  Defendants collectively will produce to Plaintiff via extranet by April 16, 2018 a list of all non-plaintiff fact witness depositions, including exhibits, taken in *Crystal Good et al. v. American Water Works Company, Inc. et al.,* Case No. 2:14-cv-10374 (S.D.W. Va.).

l.    <u>Supplemental Discovery</u>.  Plaintiff will use reasonable efforts to avoid duplicating discovery taken in the *Good* case.

      m.    <u>Discovery to Plaintiff</u>.  Because Plaintiff, the Association, relies for purposes of its claims and damages on alleged adverse impacts to its assignees and its other members, the parties recognize that discovery submitted to Plaintiff will seek information regarding those assignees and other members.  Plaintiff acknowledges its obligation to obtain and produce responsive information, subject only to its ability to assert any applicable objection to such discovery under the Federal Rules of Civil Procedure.

      5.    Magistrate judges will resolve all discovery disputes.  The parties do not consent to have a United States Magistrate Judge conduct any further proceedings in the case, including trial, and order the entry of a final judgment.

      6.    The parties agree to mediation after merits-based dispositive motions have been filed.

      7. through 12.

Deadlines Ordered/Proposed

| Event | Proposed Dates/Deadlines |
|---|---|
| Scheduling Conference | To Be Determined by Court, if Necessary |
| Approval of Amended Complaint | January 31, 2018 |
| Motions under F.R.C.P. 12(b), together with supporting briefs, memoranda, affidavits, or other such matter in support thereof, or other responsive pleadings | February 28, 2018 |
| Plaintiff response to Motions | March 28, 2018 |
| Defendants' replies in Support of Motions | April 11, 2018 |
| Deadline for Plaintiff and members to complete Fact Sheets | March 7, 2018 |
| Deadline for Defendants to produce to Plaintiff all written discovery they answered and responded to in *Crystal Good* | April 2, 2018 |

8

| Event | Proposed Dates/Deadlines |
|---|---|
| *et al. v. American Water Works Company, Inc.*, Case No. 2:14-cv-01374 (S.D.W. Va.) | |
| Deadline for Defendants to produce to Plaintiff a list of all documents produced and all non-plaintiff fact witness depositions taken in *Crystal Good et al. v. American Water Works Company, Inc.*, Case No. 2:14-cv-10374 (S.D.W. Va.). | April 16, 2018 |
| Expert disclosure deadline for Plaintiff - Opening Reports | August 16, 2018 |
| Expert disclosure deadline for Defendants - Responsive Reports and Opening Reports on Affirmative Defenses | September 14, 2018 |
| Expert disclosure deadline for Plaintiff's Rebuttal experts – Rebuttal Reports and Responsive Reports on Affirmative Defenses | October 5, 2018 |
| Expert disclosure deadline for Defendants – Rebuttal Reports on Affirmative Defenses | October 19, 2018 |
| Last date to serve discovery requests | October 25, 2018 |
| Discovery completion date; last day to take depositions | December 10, 2018 |
| Deadline for dispositive motions and expert challenges | December 21, 2018 |
| Deadline for responses to dispositive motions and expert challenges | January 21, 2019 |
| Deadline for replies to dispositive motions and expert challenges | February 4, 2019 |
| Mediation Deadline | March 15, 2019 |
| Pretrial Order, Plaintiffs submit to Defendants | March 29, 2019 |
| Integrated Pretrial Order, Defendants submit to Court | April 16, 2019 |
| Pretrial Conference | April 30, 2019 |
| Parties submit proposed jury instructions | May 15, 2019 |

4828-4813-0651.v1

| Event | Proposed Dates/Deadlines |
|---|---|
| Final Settlement Conference | May 22, 2019 |
| Trial (15 days) | June 18, 2019 |

Submitted this 2nd day of February, 2018.


/s/ Thomas J. Hurney, Jr.                                and
Thomas J. Hurney, Jr. (WVBN 1833)
L. Jill McIntyre (WVBN 8837)                     Kent Mayo (admitted pro hac vice)
Jackson Kelly PLLC                                    Baker Botts, LLP
500 Lee Street, East; Suite 1600 (25301)    1299 Pennsylvania Avenue, NW
Post Office Box 553                                   Washington, DC  20004
Charleston, West Virginia 25322                Telephone: (202) 639-1122
Telephone: (304) 340-1000                        Facsimile: (202) 585-1007
Facsimile: (304) 340-1050                          kent.mayo@bakerbotts.com
thurney@jacksonkelly.com
jmcintyre@jacksonkelly.com
  *Representing Defendants West Virginia-American Water Company, American Water Works Service Company, Inc. and American Water Works Company, Inc.*


/s/ Michael O. Callaghan                         /s/ Michael W. Carey
Michael O. Callaghan (WVBN 5509)         Michael W. Carey (WVBN 635)
Neely & Callaghan Neely & Callaghan      S. Benjamin Bryant (WVBN 520)
Attorneys at Law                                      Carey, Scott, Douglas & Kessler, PLLC
159 Summers Street                                 901 Chase Tower
Charleston, West Virginia 25301               707 Virginia Street, East
Telephone:  (304) 345-6500                      P. O. Box 913
Facsimile: (304) 343-6528                        Charleston, West Virginia 25323
mcallaghan@neelycallaghan.com              Telephone: (304) 345-1234
  *Representing Plaintiffs*                          Facsimile: (304) 342-1105
                                                             mwcarey@csdlawfirm.com
                                                             sbbryant@csdlawfirm.com
                                                               *Representing Defendant Dennis P. Farrell*

10

/s/ Robert L. Massie

Robert L. Massie (WVBN 5743)
Marc E. Williams (WVBN 4062)
Nelson Mullins Riley & Scarborough LLP
P. O. Box 1856
Huntington, West Virginia 25719-1856
949 Third Avenue, Suite 200 (25701)
Telephone: (304) 526-3502
Facsimile: (304) 526-3542
bob.massie@nelsonmullins.com
marc.williams@nelsonmullins.com
  *Representing Defendant Eastman Chemical Company*

/s/ Pamela C. Deem

Pamela C. Deem (WVBN 976)
Robert B. Allen (WVBN 110)
Kay Casto & Chaney PLLC
P. O. Box 2031
Charleston, West Virginia 25327
Telephone: (304) 345-8900
Facsimile: (304) 345-8909
pdeem@kaycasto.com
rallen@kaycasto.com
  *Representing Defendant Gary Southern*

11