```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

WEST VIRGINIA HOSPITALITY AND
TRAVEL ASSOCIATION, INC., a West
Virginia Not-for-Profit
corporation, on behalf of all of
its adversely affected members,
and as assignee of certain of
its adversely affected members,

      Plaintiff,

v.                                         Civil Action No. 2:16-cv-00184

AMERICAN WATER WORKS COMPANY,
INC., a Delaware corporation;
AMERICAN WATER WORKS SERVICE
COMPANY, INC., a New Jersey
corporation; WEST VIRGINIA-
AMERICAN WATER COMPANY, a West
Virginia corporation; EASTMAN
CHEMICAL COMPANY, a Delaware
corporation; and GARY SOUTHERN, an
individual,

      Defendants.

### MEMORANDUM OPINION AND ORDER

Pending is plaintiff West Virginia Hospitality and Travel Association, Inc.'s ("Hospitality") petition for a prejudgment order of attachment for certain real property of defendant Gary Southern, filed November 11, 2016.

I

The court recently recited the facts of this case as it pertains to Southern in the order denying Hospitality's

motion for partial summary judgment, entered March 15, 2018. Reproducing those facts here would be needlessly duplicative, and, for present purposes, the following summary will suffice.

On January 9, 2014, a liquid mixture containing crude methylcyclohexanemethanol ("MCHM"), which is itself a mixture comprised of 1% methanol, leaked from tanks owned by Freedom Industries, Inc. ("Freedom"), into the Elk River near Charleston, West Virginia. (ECF #103, at 2.) The MCHM traveled downstream, penetrated the filtration system of a West Virginia American Water ("American Water") plant, and entered the water supply of customers across nine counties. (Id. 2-3.) American Water thus issued a "Do Not Use Order" that prohibited water service for nine days. (Id.)

Southern served on Freedom's board of directors from March 2010 to December 2013, at which time he became the company's president. (Id. 3.) Hospitality is a West Virginia not-for-profit comprised in part of businesses impacted by the MCHM leak. (Id. 6.) Hospitality, on behalf of its adversely-impacted members and as assignee of the claims of some of those members, claims that it suffered and continues to suffer economic and non-economic harms stemming from the MCHM leak. (Id.) Regarding Southern, Hospitality contends that Southern is jointly and severally liable for at least $12 million in damages

2

and costs.  (Affidavit of Carol Fulks in Support of Attachment ("Fulks Aff.") ¶¶ 4, 7; Affidavit of Buddy Butler in Support of Attachment ("Butler Aff.") ¶ 9.)

Hospitality filed the pending petition on November 11, 2016, seeking prejudgment attachment of Southern's real property pursuant to Federal Rule of Civil Procedure 64 and chapter 38, article 7 of the West Virginia Code.  (Pet. 3.)  Specifically, Hospitality petitions the court to authorize the issuance of an order of attachment for two properties belonging to Southern in Marco Island, Florida, where Southern is a resident.  (Fulks Aff. ¶ 6.)  Southern objects to the attachment, insisting that West Virginia's attachment statute lacks extraterritorial reach and that, at any rate, attachment is unnecessary.  For reasons stated below, the court agrees that the state's attachment statute cannot reach out-of-state property, and Hospitality's petition must be denied.

II

Pursuant to Federal Rule of Civil Procedure 64, a federal court litigant may utilize the attachment statute of "the law of the state where the court is located."  In West Virginia, "[t]he remedy by attachment, being authorized alone by statute and in derogation of the common law, and, moreover,

3

being summary in its effects and liable to be abused and used oppressively, its application will be carefully guarded by the courts and it will be confined strictly within the limits prescribed by the statute." DeLung v. Baer, 118 W. Va. 147, 189 S.E. 94, 95 (1936) (quoting Delaplain & Co. v. Armstrong & Ulrich, 21 W. Va. 211, 213 (1882)). A plaintiff in West Virginia seeking "to recover damages for any wrong" may file an affidavit requesting prejudgment attachment of a defendant's property, W. Va. Code § 38-7-1, including real property, id. § 38-7-7.

"The grounds upon which an order of attachment may issue" include, inter alia, "[t]hat the defendant . . . is a nonresident of" West Virginia. Id. § 38-7-2(a). Hospitality pursues attachment on this ground because Southern is a Florida resident. (Pet. 9; Fulks Aff. ¶ 5.) As earlier noted, Hospitality seeks to attach Southern's two properties located there. (Fulks Aff. ¶ 6.)

Southern argues that West Virginia's attachment statute has no extraterritorial reach such that Hospitality cannot use it to attach his out-of-state property. (See Obj. 3-8.) The court agrees. While there is no case from West Virginia's highest court precisely on point, there is ample authority by that court to support the principle that

4

prejudgment attachment of real property located in another state is not within the jurisdiction of a court situated in this state even though the court, as here, has personal jurisdiction of the defendant against whom the prejudgment attachment is sought.

In <u>Pennsylvania Railroad Co. v. Rogers</u>, the Supreme Court of Appeals of West Virginia "observed that courts have no extraterritorial jurisdiction over either persons or property in attachment suits." 52 W. Va. 450, 44 S.E. 300, 302 (1903).[1] The Supreme Court of Appeals continued:

> Jurisdiction over persons and property in any state is confined to the persons and property within the territorial bounds of the state. No court within it can exercise jurisdiction beyond it. To exercise it over persons or property in another state would be an unwarrantable assumption and arrogation of unlawful authority, entitled to no respect on the principle of comity, but meriting rebuke and resistance as a wanton abuse of power. A judgment rendered in any state against a person or property over which the court has no jurisdiction is not entitled to full faith and credit in other states, but its validity may be questioned on jurisdictional grounds, and its enforcement resisted; for, not being by due process of law, it is entitled to no regard, even in the state where it is rendered; and it may be impeached collaterally anywhere.

<u>Id.</u> (internal quotation marks omitted) (quoting Waples on Attachment § 648). By the same token it is held that a circuit

---

[1] <u>Accord</u> 6 Am. Jur. 2d <u>Attachment and Garnishment</u> § 23 (2018) ("It is a fundamental rule that in attachment or garnishment proceedings the res must be within the jurisdiction of the court issuing the process.").

court of this state "can obtain jurisdiction by attaching the property of a nonresident debtor located in the county." Gee v. Gibbs, 162 W. Va. 821, 824-26, 253 S.E.2d 140, 142-43 (1979); see also Atkins v. Evans, 76 W. Va. 17, 84 S.E. 901, 901-02 (1915) ("Though the court may have jurisdiction of the parties in the main action, it must also acquire a jurisdiction over the property or debt sought to be affected by the ancillary garnishment, in order to render a judgment against that property or debt.").

The court notes as well a recent opinion from the Northern District of West Virginia, Tube City IMS, LLC v. Severstal US Holdings, LLC, No. 5:12CV31, 2014 WL 4802061 (N.D. W. Va. Sept. 23, 2014). In Tube City, the court concluded that West Virginia's attachment statute lacks extraterritorial reach. Id. at *3 (citing Hanson v. Denckla, 357 U.S. 235, 246 (1958) ("[T]he basis of [in rem] jurisdiction is the presence of the subject property within the territorial jurisdiction of the forum State."), and GM Gold & Diamonds LP v. Fabrege Co., 489 F. Supp. 2d 725, 727-28 (S.D. Tex. 2007)).

The law in West Virginia is plain: chapter 38, article 7 of the West Virginia Code cannot be used to attach extraterritorial real estate. Accordingly, Hospitality cannot

obtain an order here of prejudgment attachment for Southern's out-of-state real property in Florida.

III

For the foregoing reasons, it is ORDERED that Hospitality's petition for a prejudgment order of attachment for Florida real property of defendant Gary Southern be, and hereby is, denied.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record and to any unrepresented parties.

ENTER: March 19, 2018

John T. Copenhaver, Jr.
United States District Judge