```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

WEST VIRGINIA HOSPITALITY AND
TRAVEL ASSOCIATION, INC., a West
Virginia Not-for-Profit
corporation, on behalf of all of
its adversely affected members,
and as assignee of certain of
its adversely affected members,

      Plaintiff,

v.                                                Civil Action No. 2:16-cv-00184

AMERICAN WATER WORKS COMPANY,
INC., a Delaware corporation;
AMERICAN WATER WORKS SERVICE
COMPANY, INC., a New Jersey
corporation; WEST VIRGINIA-
AMERICAN WATER COMPANY, a West
Virginia corporation; EASTMAN
CHEMICAL COMPANY, a Delaware
corporation; GARY SOUTHERN, an
individual; and DENNIS P.
FARRELL, an individual,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      Pending are three motions. First is defendant Eastman Chemical Company's ("Eastman") motion to dismiss the complaint, filed March 8, 2016. Second is plaintiff West Virginia Hospitality and Travel Association, Inc.'s ("Hospitality") motion, filed December 13, 2016, for entry of final judgment on Hospitality's private nuisance claims pursuant to Federal Rule of Civil Procedure 54(b) if the court grants Eastman's motion to dismiss Hospitality's private nuisance claims. Third is

Eastman's motion to stay consideration of Hospitality's motion for entry of judgment pursuant to Rule 54(b), filed December 29, 2016.  Defendants American Water Works Company, Inc.; American Water Works Service Company, Inc.; and West Virginia-American Water Company (together, "American Water") joined Eastman's motion to stay on January 6, 2017.

I

First, the court turns to Eastman's motion to dismiss. Pertinent here, Eastman, in part, moved to dismiss Hospitality's Count Three claim for private nuisance in accordance with the United States Court of Appeals for the Fourth Circuit's opinion in Rhodes v. E.I. du Pont de Nemours & Co., 636 F.3d 88 (4th Cir. 2011).  (ECF #26, at 12-14.)  In Rhodes, the Fourth Circuit concluded, under West Virginia law,

> that when a release of pollutants directly affects a municipal water supply and does not interfere with any private water source, such as a well drilled on private property, the presence of the pollutants in the public water supply will not support a private nuisance claim.

636 F.3d at 96-97.  Indeed, as Eastman aptly notes, this court, previously found that "Rhodes [was] fatal" to the private nuisance claim in a separate case that also stemmed from the January 9, 2014, MCHM leak that forms the basis for Hospitality's claims here.  Good v. Am. Water Works Co., No.

2

2:14-01374, 2015 U.S. Dist. LEXIS 72143, at *27-28 (S.D. W. Va. June 4, 2015) (Copenhaver, Jr., J.). Accordingly, the court incorporates the analysis in Good as though it were set forth herein, and Hospitality's Count Three claim for private nuisance as to Eastman is dismissed. The court reserves judgment on the remainder of Eastman's motion to dismiss.

Second, the court considers Hospitality's request for entry of judgment on its private nuisance claim pursuant to Rule 54(b). Rule 54(b) provides that

> [w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The Fourth Circuit instructs district courts to perform a two-step analysis under a request for Rule 54(b) certification. "First, the district court must determine whether the judgment is final." MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 855 (4th Cir. 2010). "Second, the district court must determine whether there is no just reason for the delay in the entry of judgment[,]" considering a number of potentially-applicable factors. Id. Even if the dismissal of Hospitality's private nuisance claim against Eastman were deemed final, several factors conclusively militate against a Rule 54(b) certification: Hospitality and Eastman have advised

3

the court that settlement is imminent pending final approval of the class settlement anticipated in Good; the same issue has not been resolved as to other defendants herein; and there are numerous additional causes of action against multiple defendants in this case so that an appeal of the private nuisance ruling is not only premature but purely piecemeal. Thus, there is just reason to delay entry of judgment on Hospitality's Count Three claim for private nuisance, and Hospitality's request for Rule 54(b) certification is denied. And, by extension, Eastman's motion to stay consideration of Hospitality's motion is denied as moot.

II

Accordingly, for the foregoing reasons, it is ORDERED that

1. Eastman's motion to dismiss the complaint be, and hereby is, granted with respect to the Count Three claim for private nuisance;

2. Hospitality's motion for entry of judgment pursuant to Rule 54(b) be, and hereby is, denied; and

3. Eastman's motion to stay consideration of Hospitality's motion for judgment pursuant to Rule 54(b) be, and hereby is, denied as moot.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record and to any unrepresented parties.

ENTER: March 23, 2018

John T. Copenhaver, Jr.
United States District Judge