## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| WEST VIRGINIA HOSPITALITY AND TRAVEL ASSOCIATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| AMERICAN WATER WORKS COMPANY, INC.; AMERICAN WATER WORKS SERVICE COMPANY, INC.; WEST VIRGINIA-AMERICAN WATER COMPANY; EASTMAN CHEMICAL COMPANY; GARY SOUTHERN; and DENNIS P. FARRELL, | ) ) ) ) ) ) ) ) ) | Case No. 2:16-cv-00184 |
| Defendants | ) | |

**PLAINTIFF'S RENEWED, CONDITIONAL MOTION FOR ENTRY OF FINAL JUDGMENT ON PLAINTIFF'S PRIVATE NUISANCE CLAIMS HEREIN PURSUANT TO RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE IF THE COURT GRANTS DEFENDANT SOUTHERN'S MOTION TO DISMISS PLAINTIFF'S PRIVATE NUISANCE CLAIMS**

### I.      *Introduction and Summary of Argument*

On March 8, 2016, Defendant Eastman Chemical Company ("Eastman") filed its Motion to Dismiss Plaintiff's Complaint [Dkt nos. 25 and 26], in which Eastman argued, *inter alia*, that Plaintiff's assigned private nuisance claims were barred by the 2011 decision of the U.S. Court of Appeals in *Rhodes* v. *E.I. Du Pont De Nemours and Co.*, 636 F.3d 88 (4th Cir. 2011) (hereinafter, "*Rhodes* 4th Circuit Panel decision").   In its response to that motion, Plaintiff WVHTA acknowledged the binding nature of the *Rhodes* 4th Circuit Panel decision upon this Court and that such decision likely required the dismissal of Plaintiff's private nuisance claims against Eastman. [Dkt nos. 72 and 73]  At the same time, however, Plaintiff was also required to point out to this

Court that the holding of the *Rhodes* 4th Circuit Panel decision is both unique in American private nuisance jurisprudence and incorrect in its misapprehension and misapplication of West Virginia Private Nuisance law. *Id.* In sum, the *Rhodes* 4th Circuit Panel decision uniquely and incorrectly holds that that the West Virginia law of Nuisance precludes the recovery of private nuisance damages under otherwise entirely valid Private Nuisance damages claims when the nuisance condition giving rise to those private damage is, for abatement purposes, governed by the West Virginia Law of Public Nuisance, and the private party asserting the Private Nuisance damage claim does not have standing to assert a claim under West Virginia Public Nuisance law. 636 F.3d 88. Nonetheless, citing the *Rhodes* 4th Circuit Panel decision, this Court granted Eastman's motion to dismiss Plaintiff's private nuisance claims, as it was likely compelled to do. [Dkt. no. 108]

In his recent motion to dismiss Plaintiff's Amended and Supplemental Complaint, Defendant Gary Southern takes aim, *inter alia*, at the private nuisance claims set forth in Count III of the Amended and Supplemental Complaint and seeks dismissal of such claims based upon the *Rhodes* 4th Circuit Panel decision. [Dkt nos. 122 and 123] As to both *Rhodes* and the law of private nuisance, Southern raises essentially the same arguments as did Eastman, and Plaintiff is again compelled to acknowledge the binding effect of the *Rhodes* 4th Circuit Panel decision and the fact that such decision runs entirely contrary to West Virginia Private Nuisance law. Indeed, the *Rhodes* 4th Circuit Panel decision is today no less incorrect as a statement of private nuisance law in West Virginia than it was when Eastman filed its motion to dismiss over two years ago. Contemporaneously, Plaintiff respectfully submits this conditional motion for entry of judgment on its private nuisance claims against Southern pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and for the requisite finding that there is no just reason for delay as to such claims. This is, of course, not the first time that Plaintiff has requested such relief. On December 13, 2016, with its Response in Opposition to Defendant Eastman Chemical's Motion to Dismiss [Dkt no.

72], Plaintiff made a similar request for a Rule 54(b) determination by filing a similar motion [Dkt no. 73]. Plaintiff hereby incorporates its prior motion [Dkt. no. 73] by reference and supplements that prior motion with the authorities and argument set forth herein. Although this Court is (still) likely bound to follow the *Rhodes* 4th Circuit Panel decision and is likely compelled to grant Southern's motion to dismiss Plaintiff's private nuisance claims, Plaintiff respectfully requests that this Court direct entry of a final judgment solely as to those claims and to make the required Rule 54(b) finding that there is no just reason for delay as to those claims.

As discussed herein and in Plaintiff's prior motion [Dkt. no. 73], the Rhodes 4th Circuit Panel decision—that West Virginia Law does not allow otherwise valid private nuisance damages claims simply because those claims arose from a public nuisance condition—is contrary to the law of West Virginia and results in an injustice that requires correction. While this point is clearly made in Plaintiff's prior Rule 54(b) motion [Dkt. no. 73], which is expressly incorporated herein, Plaintiff offers additional argument, below, on this critical point of West Virginia law. Notably, this Court's order of March 8, 2018, which denied Plaintiff's Rule 54(b) motion [Dkt. no. 108], did not dispute Plaintiff's characterization of the *Rhodes* 4th Circuit Panel decision or that the *Rhodes* decision has resulted in grave injustice to the citizens of West Virginia. Rather, that decision hinged upon the application of Rule 54(b) to the unique circumstances of Eastman's motion to dismiss. Respectfully, the circumstances surrounding Plaintiff's private nuisance claims against Southern and Southern's motion to dismiss suggest that certification under Rule 54(b) is both appropriate and necessary. As before, Plaintiff intends to seek prompt review of this matter before the Fourth Circuit and, if necessary, to obtain further review by the West Virginia Supreme Court of Appeals through certified question from the Fourth Circuit.

## II.   *Law and Argument*

a. **The Holding of the Rhodes Fourth Circuit Panel's Decision that West Virginia Law Does Not Allow Otherwise Valid Private Nuisance Damages Claims Simply Because Those Claims Arose from a Public Nuisance Condition Does Not Correctly State Existing West Virginia Law and is Clear Legal Error.**

Plaintiff WVHTA has previously set forth, in exhaustive detail, precisely and how the central holding of the *Rhodes* 4th Circuit Panel decision is in error, *see* "Plaintiff's Conditional Motion for Entry of Final Judgment on Plaintiff's Private Nuisance Claims Herein Pursuant to Rule 54(B) of the Federal Rules of Civil Procedure if the Court Grants Defendant Eastman's Motion to Dismiss Plaintiff's Private Nuisance Claims" [Dkt no. 73], which is incorporated herein by reference. Such argument need not be repeated herein, other than to note that neither the law of West Virginia nor the law of 49 other states and any of our nation's five largest territories and possessions has changed in any appreciable manner with respect to the relationship between the Law of Public Nuisance and the Law of Private Nuisance, which law is plainly summarized in the comments to section 821C of the Second Restatement of Torts:

> When the nuisance, in addition to interfering with the public right, also interferes with the use and enjoyment of the plaintiff's land, it is a private nuisance as well as a public one. In this case the harm suffered by the plaintiff is of a different kind and he can maintain an action not only on the basis of the private nuisance itself, but also, if he chooses to do so, on the basis of the particular harm from the public nuisance.

Restatement (Second) of Torts §821C, Comment e, at 96 (1979). This comment, like virtually all American jurisprudence outside of the *Rhodes* 4th Circuit Panel decision, acknowledges that the same acts and omissions of a particular defendant, like Gary Southern, may give rise to both a public nuisance and a private nuisance condition and that a plaintiff affected by such conduct may satisfy the criteria for obtaining relief both under the Law of Public Nuisance (typically equitable relief for abatement of such public nuisance) and under the Law of Private Nuisance (typically monetary damages). None of this has changed since Plaintiff filed its prior motion [Dkt. no. 73],

and the *Rhodes* 4th Circuit Panel decision stands virtually alone in American jurisprudence in carving out a contrary position, and did so in sole reliance upon one case, *Anderson* v. *W.R. Grace & Co.,* 628 F.Supp 1219 (D. Mass. 1986); the holding in which was manifestly misunderstood and applied both by the *Rhodes* District Court and by the *Rhodes* Fourth Circuit Panel in a manner that expressly contradicts the very holding of, and actual judgment issued by, the *Anderson court.*

**b. Certification of this Matter Pursuant to Rule 54(b) for Prompt Review by the U.S. Court of Appeals for the Fourth Circuit is Both Necessary and Appropriate and is Likely to Correct a Misstatement of West Virginia Private Nuisance Law and the Repeated Misapplication of Such Law.**

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). "The task which the district court must follow to effectuate a Rule 54(b) certification involves two steps." *Brasswell Shipyards, Inc. v. Beazer, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). "First, the district court must determine whether the judgment is final." *Id.* A judgment "must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss–Wright Corp. v. General Elec. Co,* 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427 (1956)) "Second, the district court must determine whether there is no just reason for the delay in the entry of judgment." *Braswell,* 2 F.3d at 1335. In determining whether there is no just reason for delay in the entry of judgment, factors the district court should consider, if applicable, include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors

such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Braswell*, 2 F.3d at 1335–36.   (footnote call number added) (quoting *Allis–Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir.1975)).

In the present matter, there is no just reason to delay the entry of final judgment on Plaintiff's private nuisance claims, the dismissal of which Defendants now seek.  ***First***, although there is *some* relationship between Plaintiff's adjudicated and unadjudicated claims in that Plaintiff's private nuisance damages claims, and its other claims arise from the same facts pertaining to the release of contaminants to the Elk River from the Freedom Industries facility that Defendant Southern operated and the resulting contamination of a public water supply, such relationship is severed by several factors.   Indeed, even where the adjudicated and unadjudicated claims arise from a common set of facts, circumstances surrounding the case may show that the relationship between adjudicated and unadjudicated claims is severed or attenuated.   *See, e.g., MCI Constructors*, 610 F.2d at 856.  In *MCI Constructors*, the Fourth Circuit took note of the fact that there was nothing in the record that would suggest that review of the issues presented to the appellate court could possibly be mooted by future developments in the district court.  *Id.*  Such is the case here.  Plaintiff seeks the review of the dismissal of a claim for private nuisance, the essence of which is "a substantial and unreasonable interference with the private use and enjoyment of another's land," whether caused by conduct that is intentional, reckless, or negligent.  *Hendricks v. Stalnaker*, 181 W.Va. 31, 33-34, 380 S.E.2d 198 (1989).   The other remaining claims against Southern are:

- Count I:  cost recovery under section 107 of CERCLA, 42 U.S.C. § 9607, which imposes strict liability based upon statutory criteria and very limited defenses, specifically enumerated in the statute itself.  As discussed in Plaintiff's Motion to Strike Southern's Affirmative Defenses [Dkt nos. 124 and 125], Southern's defenses to CERCLA liability are limited to the statutory defenses enumerated in the statute itself.  *See United States v. Par Indus. Corp.*, 2016 WL 7175627 at *2

(S.D.W.V. Dec. 8, 2016) (Chambers, J.).  Those statutory elements share none of the elements of liability under private nuisance.

- Count II:  public nuisance, a cause of action which in American Jurisprudence shares "almost nothing in common [with private nuisance] except the word 'nuisance' itself." *Gallo v. Acuna*, 14 Cal.4ᵗʰ 1090, 929 P.2d 596 (1997).  Indeed, at its core, public nuisance is the exercise of the sovereign's power and is aimed at abatement of conditions which are harmful or noxious to the public at large, *see Tully v. United States*,, 481 U.S. 412 (1987) (at common law, a public nuisance was "an act or omission 'which obstructs or causes inconvenience or damage to the public in the exercise of rights common to all Her Majesty's subjects.'") (quoting W. Prosser, Law of Torts, 583 (4ᵗʰ ed. 1971)), whereas private nuisance seeks monetary relief for the interference with private property rights.  *See id.*

- Counts IV, V, and VI:  claims for negligence, negligence *per se*, and gross negligence, which focus upon the nature and character of Southern's *conduct*—the duties imposed upon him by law and whether (and how) he breached those duties—rather than on the nature of his interference with private property rights.

Very simply, because there are few, if any, shared elements between these remaining claims and the private nuisance claim that is likely subject to dismissal, there is likely to be little or no overlap in actual evidentiary proof at trial.

    *Second*, there is nothing herein which suggests that the need for review of the issues herein presented may be mooted by future developments in this Court.  Indeed, given the pending and consummated settlements between Plaintiff and the other parties to this matter, there is no chance that related claims against other parties could potentially moot the review of this Court's dismissal of Plaintiff's private nuisance claims.

    *Third*, in view of the uniqueness of the issues herein presented, which arise from a misapprehension of West Virginia Private Nuisance law, the possibility that the Fourth Circuit will be obliged to consider these issues a second time is nil.  Indeed, once the issues which underlie and illuminate the misapprehension of private nuisance law within *Rhodes* are fully briefed and, if necessary, argued, they will be finally and fully resolved.  There will be no need for further consideration of these issues.

*Fourth*, there is no claim or counterclaim which could result in a setoff against judgment on Plaintiff's claims.  Southern cannot and will not submit any such claim.  *Finally*, there are no miscellaneous factors, such as delay, economic, solvency, etc. which should appropriately be considered at this point.  The bottom line, is that the issues presented through an immediate, interlocutory appeal of the Plaintiff's Private Nuisance claims and the securing of a definitive judicial statement of the status of West Virginia Private Nuisance law before the federal courts of West Virginia is of time-critical importance.  Accordingly, Plaintiff respectfully requests that this Court include within its order dismissing Plaintiffs Private Nuisance claims an entry of Final Judgment on those claims and a statement that there is no just reason for delay in the entry of such judgment.

### III.    *Conclusion*

For the foregoing reasons, Plaintiff respectfully requests that this Court, acting upon Defendant Southern's request for dismissal of Plaintiff's private nuisance claims pursuant to the *Rhodes* Private Nuisance holding, enter Final Judgment on Plaintiff's Private Nuisance claims and include therewith a statement that there is no just reason for delay in the entry of this Court's judgment on such claims so that the injustice wrought by the *Rhodes* decision may be promptly addressed by the Fourth Circuit and, if appropriate, by the West Virginia Supreme Court of Appeals pursuant to certified question from the Fourth Circuit.

Respectfully submitted:

**NEELY & CALLAGHAN**

Lead Trial Counsel for Plaintiff, West Virginia Hospitality and Travel Association, Inc.

*/s/Michael O. Callaghan*
Michael O. Callaghan (WVSB# 5509)

NEELY & CALLAGHAN
159 Summers Street
Charleston, WV 25301-2134
Telephone: (304) 343-6500
Facsimile: (304) 343-6528
E-Mail:  mcallaghan@neelycallaghan.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| WEST VIRGINIA HOSPITALITY AND TRAVEL ASSOCIATION, INC. | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| AMERICAN WATER WORKS COMPANY, INC.; AMERICAN WATER WORKS SERVICE COMPANY, INC.; WEST VIRGINIA-AMERICAN WATER COMPANY; EASTMAN CHEMICAL COMPANY; GARY SOUTHERN; and DENNIS P. FARRELL, | ) Case No. 2:16-cv-00184 ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF SERVICE

I, Michael O. Callaghan, counsel for Plaintiff, hereby certifies that on this 11th day of June, 2018, PLAINTIFF'S RENEWED, CONDITIONAL MOTION FOR ENTRY OF FINAL JUDGMENT ON PLAINTIFF'S PRIVATE NUISANCE CLAIMS HEREIN PURSUANT TO RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE IF THE COURT GRANTS DEFENDANT SOUTHERN'S MOTION TO DISMISS PLAINTIFF'S PRIVATE NUISANCE CLAIMS was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Marc E. Williams, Esq.
Robert L. Massie, Esq.
Melissa Foster Bird, Esq.
NELSON MULLINS RILEY &
SCARBOROUGH LLP
949 Third Avenue, Suite 200
Huntington, WV 25701
*Counsel for Eastman Chemical Company*

Robert B. Allen, Esq.
Pamela C. Deem, Esq.
KATY CASTO & CHANEY PLLC
P.O. Box 2031

Charleston, WV 25327
*Counsel for Gary Southern*

Michael W. Carey, Esq.
S. Benjamin Bryant, Esq.
CAREY, SCOTT, DOUGLAS & KESSLER, PLLC
P.O. Box 913
Charleston, WV 25323
*Counsel for Dennis P. Farrell*

Thomas J. Hurney, Jr., Esq.   AND          Kent Mayo, Esq.
Brian R. Swiger, Esq.                      Steven Leifer, Esq.
Al F. Sebok, Esq.                          BAKER BOTTS L.L.P.
L. Jill McIntyre, Esq.                     1299 Pennsylvania Avenue, NW
Laurie K. Miller, Esq.                     Washington, DC 20004
JACKSON KELLY PLLC
P.O. Box 553
Charleston, WV 25322
*Counsel for West Virginia American Water Company, American Water Works Company,
Inc. and American Water Works Service Company, Inc.*

                          */s/Michael O. Callaghan*
                          Michael O. Callaghan (WVSB# 5509)
                          NEELY & CALLAGHAN
                          159 Summers Street
                          Charleston, WV 25301-2134
                          Telephone: (304) 343-6500
                          Facsimile: (304) 343-6528
                          E-Mail: mcallaghan@neelycallaghan.com

                          *Lead Trial Counsel for Plaintiff, West Virginia
                               Hospitality and Travel Association, Inc.*