```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**WEST VIRGINIA HOSPITALITY AND
TRAVEL ASSOCIATION, INC.,
a West Virginia Not-for-Profit
corporation, on behalf of all of
its adversely affected members, and
as assignee of certain of its
adversely affected members,**

      **Plaintiff,**

**v.**                                     **Civil Action No. 2:16-cv-0184**

**GARY SOUTHERN,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

      **Pending is plaintiff West Virginia Hospitality and Travel Association, Inc.'s ("Hospitality") motion to strike the affirmative defenses set forth in the answer of defendant Gary Southern to the amended and supplemental complaint, filed June 1, 2018. Also pending is defendant Southern's motion to strike, on the ground of late filing, plaintiff's reply in support of its motion to strike the affirmative defenses of Southern, filed June 27, 2018. Though the reply was filed six days late under the local rules, there has not been any prejudice alleged by Southern and, in the interest of justice, the court denies Southern's motion to strike and ORDERS acceptance of Hospitality's late-filed reply.**

## I. Background

The court recited the facts of this case as it pertains to Southern in the order denying Hospitality's motion for partial summary judgment, entered March 15, 2018. For present purposes, the following summary will suffice.

On January 9, 2014, a liquid mixture containing crude methylcyclohexanemethanol ("MCHM"), which is itself a mixture comprised of 1% methanol, leaked from tanks owned by Freedom Industries, Inc. ("Freedom"), into the Elk River near Charleston, West Virginia. ECF No. 103, at 2. The MCHM traveled downstream, penetrated the filtration system of a West Virginia American Water ("American Water") plant, and entered the water supply of customers across nine counties. Id. at 2-3. American Water issued a "Do Not Use Order" that prohibited water service for nine days. Id.

Southern served on Freedom's board of directors from March 2010 to December 2013, at which time he became the company's president. Id. at 3. Hospitality is a West Virginia not-for-profit comprised in part of businesses impacted by the MCHM leak. Id. at 6. Hospitality claims that it suffered and continues to suffer economic and non-economic harms stemming from the MCHM leak. Id. Regarding Southern, Hospitality

contends that Southern is jointly and severally liable for at least $12 million in damages and costs. Affidavit of Carol Fulks in Support of Attachment, ECF No. 62-1, at ¶¶ 4, 7; Affidavit of Buddy Butler in Support of Attachment, ECF No. 62-2, at ¶ 9.

On March 19, 2018, Hospitality filed an amended and supplemental complaint. ECF No. 106. All defendants except Southern have been dismissed from this action, as of October 12, 2018.[1]

The amended and supplemental complaint seeks recovery against Southern as follows:

    Count I - Response costs under the Comprehensive
        Environmental Response Compensation and Liability
        Act ("CERCLA"), 42 U.S.C. § 9607(a);
    Count II - Judicial abatement of a public nuisance;
    Count III - Relief from private nuisance;
    Count IV – Negligence;
    Count V - Negligence per se; and
    Count VI - Gross negligence.

---

[1] The claims against Dennis Farrell were dismissed on March 14, 2018. ECF No. 102. The claims against American Water Works Company, Inc., American Water Works Service Company, Inc., and West Virginia-American Water Company, Inc. were dismissed on August 21, 2018. ECF No. 148. The claims against Eastman Chemical Company were dismissed on October 12, 2018. ECF No. 152.

Hospitality seeks injunctive relief on the Count II public nuisance claim on behalf of its "numerous adversely affected member entities," which Southern contends actually includes a request for money damages. See ECF No. 136, at 7-8. For each of the remaining Counts, it seeks recovery only as assignee on behalf of "certain of its adversely-affected members," consisting now of six entities, identified below and listed in Appendix A to the amended and supplemental complaint. ECF No. 106, at ¶ 1. The recovery sought on behalf of those six entities is as follows:

   Count I CERCLA claim – response costs

   Counts III, IV, V, and VI – money damages.

The six entities are Adelphia, Inc., Atrium Hotels, L.P. and Atrium Finance V, LLC, Bridge Road Bistro, LLC, Sharp #4502, Inc., and Country Road 3054, Inc. ECF No. 106-1, at 1.[2] The Atrium entities, known locally as Embassy Suites, represent a hotel/restaurant. The remaining entities are restaurants, including Sharp and Country Road that are IHOP restaurants.

---

[2] Two other entities, The Chop House of Charleston, Inc. and Real Seafood Company of Charleston, LLC, withdrew as assignees on August 3, 2018, and joined the Settlement Class in Good v. American Water Works Co., 2:14-cv-1374, ECF No. 1228 (S.D.W. Va. Aug. 3, 2018).

On May 11, 2018, Southern filed an answer to the amended and supplemental complaint in which he asserted twenty-one defenses that he labels as affirmative defenses. ECF No. 121, at 20-23. Those defenses are as follows:

(1) If the plaintiff was injured or damaged, the injuries and damages were caused by the acts, wrongs or omissions of others, by intervening or subsequent causes, or by persons, entities and/or things over which Defendant Southern has no control and for which he is not responsible;

(2) Plaintiff failed to mitigate their alleged damages;

(3) Southern's guilty plea to violations of the federal Refuse Act and Clean Water Act was not based on intentional conduct;

(4) Southern committed no act which was repeated or willful;

(5) Southern committed no act that amounts to gross negligence;

(6) Plaintiff has failed to join indispensable or necessary parties;

(7) Plaintiff is not entitled to punitive damages because Southern did not act in a willful, wanton, or reckless manner;

(8) Plaintiff lacks standing to bring certain claims;

(9) Plaintiff's complaint fails to state a claim upon which relief can be granted;

(10) Southern's conduct was not the proximate cause of any harm done to plaintiff;

(11) Any damages alleged by plaintiff were proximately caused by those over whom or which Southern had no control;

(12) Plaintiff does not have standing to bring these claims;

(13) Southern owed no duty to the plaintiff or its assignees, and if such duty is found, Southern denies having breached such duty;

(14) Plaintiff lacks standing to assert a claim for public nuisance;

(15) Plaintiff's claims are barred under the economic loss rule;

(16) Southern is not liable under CERCLA as he was neither an owner nor an operator of the Freedom tank facility, and thus, not a potentially responsible person under CERCLA;

(17) Plaintiff's CERCLA claims fail as Southern did not manage, direct or conduct operations specifically related to pollution at Freedom's tank facility;

(18) Violation of a statute does not constitute negligence per se under West Virginia law;

(19) Plaintiff's claims for punitive damages violate the United States Constitution;

(20) Plaintiff's claims for punitive damages violate the West Virginia Constitution; and

(21) Southern reserves the right to assert additional defenses as may appear appropriate following discovery and factual development of this case.

Hospitality timely filed this motion requesting that the court strike each of those "affirmative" defenses. Southern subsequently filed a response in opposition, to which Hospitality has replied.

## II. Governing Standard

Federal Rule of Civil Procedure 12(f) allows the court to strike pleadings of "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions to strike "are generally viewed with disfavor

'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 1380, 647 (2d ed. 1990)).

One decision in this district more thoroughly sets forth the governing considerations in a case where the movant sought to strike certain defenses:

> At the outset, the Court notes the standard by which courts judge Rule 12(f) motions imposes a sizable burden on the movant. A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted. Before granting a motion to strike, a court must be convinced "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." It is difficult to establish a defense is clearly insufficient. Even where "technically appropriate and well-founded," motions to strike defenses as insufficient are often denied in absence of a showing of prejudice to the moving party.
>
> That being said, when a party succeeds in establishing a defense's insufficiency, the court should grant a motion to strike "to avoid unnecessary time and money in litigating invalid, spurious issues."

Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W. Va. 1993) (citations omitted).

III. Discussion

A. Affirmative Defenses 1 and 11 to the CERCLA Claim

Hospitality seeks to strike affirmative defense numbers 1 and 11 as affirmative defenses to its CERCLA claim, arguing that they fall outside of the exclusive defenses to CERCLA authorized by Congress in 42 U.S.C. § 9607(b).[3] Pl.'s Mem. Supp., ECF No. 125, at 2.

CERCLA provides that claims under § 9607 are "subject only to the defenses set forth in subsection (b) of this section." 42 U.S.C. § 9607(a). Those defenses relieve a defendant of liability when he

> can establish by a preponderance of the evidence that the release or threat of release of a hazardous substance and the damages resulting therefrom were caused solely by --
> (1) an act of God;
> (2) an act of war;
> (3) an act or omission of a third party other than an employee or agent of the defendant, or than one whose act or omission occurs in connection with a contractual relationship, existing directly or indirectly, with the defendant . . . , if the defendant establishes by a preponderance of the evidence that (a) he exercised due care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous

---

[3] Plaintiff's motion actually seeks to strike defense numbers 1-7, 10-11, 13, and 15-21 as affirmative defenses to the CERCLA claim; however, Southern concedes that the only affirmative defenses he raises to the CERCLA claim are defenses 1, 11, 16, and 17. Def.'s Resp., ECF No. 130, at 3-6.

> substance, in light of all relevant facts and
> circumstances, and (b) he took precautions against
> foreseeable acts or omissions of any such third party
> and the consequences that could foreseeably result
> from such acts or omissions; or
> (4) any combination of the foregoing paragraphs.

Id. § 9607(b). It has been held in this district that "the courts that have addressed the issue squarely, which includes district courts in this circuit, have roundly held that the enumerated defenses [to a CERCLA claim] are exclusive." United States v. Par Indus. Corp., No. 3:16-cv-1703, 2016 WL 7175627, at *2 (S.D.W. Va. Dec. 8, 2016) (citations omitted); see, e.g., Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Neville Chem. Co., 358 F.3d 661, 672 (9th Cir. 2004) ("Every court of appeals that has considered the precise question whether § 9607 permits equitable defenses has concluded that it does not, as the statutory defenses are exclusive.").

Southern argues that affirmative defense numbers 1 and 11 are permitted under § 9607(b)(3) as acts and omissions of third parties.[4] Def.'s Resp., ECF No. 130, at 2-5. Specifically, Southern asserts that inasmuch as these defenses

---

[4] Southern also argues that defense numbers 16 and 17 are proper under CERCLA; however, inasmuch as those defenses assert that Southern did not meet a certain requirement to be sued under the statute, they fall outside of the available CERCLA defenses. Defenses 16 and 17 are merely denials of an element of plaintiff's claim and whether they should be stricken will be dealt with later in this opinion.

give the plaintiff "adequate notice of defenses [he] intends to assert," they are sufficiently pled and proper. Def.'s Resp., ECF No. 130, at 5 (quoting Clark, 152 F.R.D. at 73).

Hospitality claims that defenses 1 and 11 provide no indication that these defenses were intended to be applied to the CERCLA claim, and that even if they were, they failed to plead the elements of a § 9607(b)(3) defense or facts that might support one. Pl.'s Reply, ECF No. 137, at 3.

The Court of Appeals for the Fourth Circuit has stated that asserting a defense under § 9607(b)(3)

> requires proof that the release or threatened release of hazardous substances and resulting damages were caused solely by "a third party other than [an employee or agent of the defendant, or than] one whose act or omission occurs in connection with a contractual relationship, existing directly or indirectly, with the defendant...." A second element of the defense requires proof that the defendant "took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions."

United States v. Monsanto Co., 858 F.2d 160, 168-69 (4th Cir. 1988) (quoting 42 U.S.C. § 9607(b)(3)).

A court in the District of New Jersey sought to specify what is required for a § 9607(b)(3) defense to be sufficiently pled:

> Third party defenses that fail to conform to the above statutory requirements of section 107(b)(3) have been stricken as insufficient. Thus, defenses stating that

10

> a third party was the "proximate cause" have been
> found to be different from a defense alleging that the
> third party was the "sole cause," and must be
> stricken. Similarly, defenses alleging that the acts
> or omissions were committed by persons over whom
> defendants had "no control" have been found to be
> insufficient, because the statute requires that
> defendants allege that those third parties were
> neither employees, agents, nor in a contractual
> relationship with defendants. See United States v.
> Marisol, 725 F. Supp. 833, 838-39 (M.D. Pa. 1989);
> Kelley v. Thomas Solvent Co., 714 F. Supp. 1439 1446
> (W.D. Mich. 1989); O'Neil v. Picillo, 682 F. Supp.
> 706, 712 (D.R.I. 1988), aff'd, 883 F.2d 176 (1st Cir.
> 1989), cert. denied sub nom. American Cyanamid Co. v.
> O'Neil, 493 U.S. 1071, 110 (1990); United States v.
> Stringfellow, 661 F.Supp. 1053, 1061 (C.D. Cal. 1987);
> United States v. Mottolo, 695 F. Supp. 615, 626
> (D.N.H. 1988).

United States v. Kramer, 757 F. Supp. 397, 418 (D.N.J. 1991); see also United States v. Fairchild Indus., Inc., 766 F. Supp. 405, 411 (D. Md. 1991) (adopting the same requirements for pleading this defense and noting that "[t]he detailed provisions of subsection (b)(3) demonstrate that Congress did not intend there to be a general third-party defense; instead a party must allege and prove a specific set of facts").

Here, even assuming, arguendo, that these were intended to be defenses to Hospitality's CERCLA claim, defenses 1 and 11 assert that the acts or omissions of others over whom Southern had no control were the proximate cause of the release of the hazardous substance. These defenses match, almost precisely, those which the court in Kramer found to be

insufficient to support a defense under § 9607(b)(3).  While it
appears that the text of these defenses might have put
Hospitality on notice that Southern intended to assert a §
9607(b)(3) defense, such a defense requires more than mere
notice.  Accordingly, plaintiff's motion to strike affirmative
defenses 1 and 11 is granted, but only to the extent that they
are asserted as defenses to the CERCLA claim.

B. All Remaining Affirmative Defenses

Hospitality also seeks to strike every other
affirmative defense raised in Southern's answer.  Plaintiff
contends that defense numbers 8, 9, 12, and 14 should be treated
as motions to dismiss, denied without prejudice, and stricken;
that defense numbers 1, 3-5, 7, 10, 13, 16, and 17 are mere
denials of plaintiff's claims and should be stricken; that
defense numbers 7, 10-12, and 14 are entirely redundant of other
defenses and should be stricken; and that number 21 should be
stricken as the defendant cannot reserve the right to assert
additional defenses at a later time.[5]  Pl.'s Mem. Supp. ECF No.
25, at 5-6.

---

[5] The court notes that plaintiff seeks to strike defense numbers
2, 6, 15, and 18-20 for being outside the scope of CERCLA
defenses but does not raise the issue in its reply after
Southern conceded that those defenses were not being applied to

As an initial matter, Hospitality is correct that affirmative defense number 21, which attempts to reserve the right to add additional defenses, should be stricken. Commerce and Indus. Ins. Co. v. Newhall Contracting Inc., No. 2:13-cv-30260, 2014 WL 4161971, at *2 (S.D.W. Va. Aug. 19, 2014) ("To the extent that . . . [the defendants] reserve the right to add defenses, district courts appear to have stricken such broadly-worded and speculative assertions in consideration of the fact that additional defenses may be raised in an amended Answer pursuant to Federal Rule of Civil Procedure 15.") (citations omitted). Here, should Southern wish to add another affirmative defense, he may petition the court for leave to amend his answer, as the decision of whether a party may amend its pleading lies within the discretion of the trial court. See Foman v. Davis, 371 U.S. 178, 182 (1962).

Hospitality also correctly notes that the court in Clark interpreted the defense for failure to state a claim upon which relief could be granted (e.g., number 9) as a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) and denied the motion without prejudice while striking the corresponding

---

the CERCLA claim. Also, inasmuch as defense numbers 1 and 11 are applicable to claims other than the CERCLA claim, the court will evaluate whether they should be stricken as affirmative defenses to other claims in this section.

13

defense. 152 F.R.D. at 70. Additionally, in Clark, the court struck affirmative defenses which were merely denials of elements of the plaintiff's claims. See id. at 173 ("[M]ere[] denials of liability . . . [raise matters] already in issue by virtue of the allegations of Plaintiff's complaint. Matters which are in issue from the complaint's inception need not be pleaded as affirmative defenses because such matters will not surprise the plaintiff if later raised by the defendant.").

Finally, the plaintiff notes that Rule 12(f) permits the court to strike any "redundant" or "immaterial" matter.

Defense numbers 8, 9, 12 and 14 are more properly characterized as motions to dismiss; defense numbers 1, 3-5, 7, 10, 13, 16, and 17 are more properly characterized as a denial of an element of a claim; and defenses 7, 10-12 and 14 are redundant of other "defenses." While the court in Clark chose to strike such "affirmative defenses," it also noted that "[e]ven where 'technically appropriate and well-founded,' motions to strike defenses as insufficient are often denied in absence of a showing of prejudice to the moving party." 152 F.R.D. at 70 (citations omitted).[6]

---

[6] For example, this district has refused to strike "failure to state a claim" affirmative defenses. See, e.g., Newhall Contracting, Inc., 2014 WL 4161971, at *3.

Here, there has been no showing or suggestion that failure to strike these "affirmative defenses" would prejudice the plaintiff. The plaintiff asserts that including these defenses "only raise the potential for improperly expanding the issues in the case and expanding discovery." Pl.'s Reply, ECF No. 137, at 7; see Clark, 152 F.R.D. at 70 ("[A] defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.") (citation omitted). This contention is not persuasive. None of the affirmative defenses discussed here vary in any meaningful way from the arguments raised in Southern's pending motion to dismiss, ECF No. 122, or in the denials contained in the rest of the answer. The issues in the case, nor discovery, would be confused or expanded merely because such arguments are duplicated in the affirmative defense section of the answer.

Inasmuch as the plaintiff has failed to demonstrate that these defenses, whether affirmative or not, prejudice it, and as the Fourth Circuit has stated that striking a portion of the pleading is a "drastic remedy" that is generally disfavored, plaintiff's motion to strike these remaining defenses is denied except to the extent defenses 1 and 11 are limited as set forth at page 12, supra.

## IV.  Conclusion

For the foregoing reasons, it is ORDERED as follows:

1. That defendant's motion to strike plaintiff's reply be, and hereby is, denied; and

2. That plaintiff's motion to strike the affirmative defenses in Southern's answer be, and hereby is, denied, except that it is granted to the following extent:

   A. Defense number 21 is stricken; and

   B. Defense numbers 1 and 11, which are the only defenses Southern states he raised to Count I other than 16 and 17, are stricken only insofar as they relate to the plaintiff's CERCLA claim in Count I.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record.

ENTER: June 4, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge